**Ernestine BENTLEY, Bonnie Collins, Ben Hall and Vera Hall, Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**South East Coal Company, Intervenor.**

**No. 79–1396.**

United States Court of Appeals, Sixth Circuit.

Argued May 24, 1979.

Decided March 9, 1981.

* Hon. Patricia Boyle, United States District Judge for the Eastern District of Michigan, sitting by designation.

Angela Sherbo, Appalachian Research and Defense Fund of Kentucky, Inc., Alva A. Hollon, Jr., Hollon, Hollon & Hollon, Hazard, Ky., for petitioners.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., David A. Fleischer, Washington, D. C., Emil C. Farkas, Director, Region 9, N.L.R.B., Richard A. Fleischer, Cincinnati, Ohio, for respondent.

Before LIVELY and KEITH, Circuit Judges, and BOYLE,* District Judge.

**ORDER**

Bonnie Collins, Ernestine Bentley, and Vera Hall brought this matter upon a petition for review of a May 24, 1979 order for the NLRB reported at 242 NLRB 95. That decision dismissed a consolidated complaint against South East Coal Co. as being time barred under Section 10(b) of the National Labor Relations Act.

The petitioners are daughters of Ben Hall. Both before and after his retirement from South East Coal Co. in 1954 Ben Hall was an active supporter of the union. In 1962 and 1963 he picketed at the company's premises during a strike which the union had called against it. Daniel Quillen, vice president in charge of operations of the

company, who has done all its hiring since December 1971 was aware of Ben Hall's membership in and activities on behalf of the union.

In August, 1976, Collins and Bentley filed complaints with the Kentucky Commission on Human Rights, alleging that the company had refused to employ them because of their sex, in violation of the state civil rights law. Their aunt, who had previously filed a similar complaint, was subsequently offered employment by the company under a conciliation agreement. Under that agreement, the company also placed an advertisement in local newspapers, stating that it was an equal opportunity employer, and that it was seeking applications from all qualified persons. The advertisement further stated that all previous applications were considered inactive, and that any past applicants who wished to be considered for employment must reapply.

As a result, Bentley filed an application for employment, dated September 3, 1976, and received by the company on September 16, 1976. Vera Hall filed an application dated September 17, 1976, and received by the company on September 20, 1976. Collins filed an application dated December 8, 1976, and received by the company on December 11, 1976. The application forms stated that all applications would be considered inactive after six months, and that anyone who still wished to be considered for employment after that period would have to reapply.

Company vice-president Quillen interviewed Bentley on September 24, 1976, and Vera Hall on September 29. Quillen decided, on the days the interviews were held, that he would not hire these applicants, and did not subsequently reconsider the decision. He did not interview Collins or reconsider his prior rejection of her. None of the sisters subsequently reapplied for employment.

The Kentucky Commission on Human Rights dismissed the sex discrimination complaint filed by Collins and Bentley in September, 1977. They filed motions for reconsideration, which the Commission denied, indicating that the company had said that it had not hired, and would not hire, Collins and Bentley because their father, Ben Hall, had a pro-union reputation.

On November 22, 1977, Collins filed a charge with the NLRB alleging that the company had discriminatorily refused to hire her. This charge was served on the company on November 23, 1977. On December 5, 1977, Bentley filed, and served on the company, a charge alleging that the company had discriminatorily refused to hire her. On March 27, 1978, the Regional Director issued a complaint alleging that, [S]ince on or about May 23, 1977, the company had hired other employees while discriminatorily refusing to hire Collins and Bentley. On May 30, 1978, the complaint was amended to allege that Vera Hall, as well as Collins and Bentley, was discriminatorily denied employment "[S]ince on or about May 23, 1977."

On the foregoing facts, the Board found, in agreement with the ALJ, that the company had refused, prior to May 23, 1977, to hire each of the three sisters because of their father's reputation as an active supporter of the union. However, the Board concluded that the general counsel had failed to prove that any discriminatory refusal to hire had occurred on or after May 23, 1977. Accordingly, the Board found that any unfair labor practices occurred more than six months before the filing of the charges herein, and were therefore barred by Section 10(b) of the Act. The Board therefore dismissed the complaint in its entirety.

Our standard for reviewing the Board's finding of fact here is whether there is substantial evidence to support the Board's decision. See *N. L. R. B. v. Challenge-Cook Bro. of Ohio, Inc.*, 374 F.2d 147 (6th Cir. 1967). We believe that the Board's finding that the company refused to hire the petitioners before May 23, 1977, and not after that date, is supported by substantial evidence. Accordingly, the petition for review is denied.